J-A16016-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| ALBERT DETILLO AND TAMARA DETILLO, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellees | : | |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH HUZDOVICH, | : | |
| | : | |
| Appellant | : | No. 941 WDA 2015 |

Appeal from the Order Dated May 14, 2015
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD94-006674-008

| | | |
|---|---|---|
| ALBERT DETILLO AND TAMARA DETILLO, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH HUZDOVICH, F/K/A ELIZABETH DETILLO | : | |
| | : | |
| APPEAL OF: TAMARA DETILLO, | : | |
| | : | |
| Appellant | : | No. 993 WDA 2015 |

Appeal from the Order Dated May 14, 2015
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD94-006674-008

BEFORE: SHOGAN, OLSON, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:
**FILED DECEMBER 20, 2016**

I join that part of the Majority's decision that affirms Tamara's cross-appeal, although it is my belief that she should not be involved in this matter

_____
*Retired Senior Judge assigned to the Superior Court.

as she is not an indispensable party to the litigation between the former spouses. "In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." *Van Buskirk v. Van Buskirk*, 590 A.2d 4, 7 (Pa. 1991) (citation omitted). Such is not the case here: Tamara's interest in the property does not pre-date the parties' divorce, nor do any rights she may have accrued have any effect on the equitable distribution of Husband and Wife's marital property. Nonetheless, I agree with the Majority that Tamara's appellate claims are without merit.

With respect to Husband's appeal, I am unconvinced that Husband has met his burden of presenting proof of a delay or prejudice such that laches applies to any of Wife's claims. Although the trial court found it "incumbent on Wife to move her claim for equitable distribution forward," Trial Court Opinion, 9/21/2015, at 7, nothing barred **Husband** from litigating the claims raised in the divorce action, and Husband's failure to do so was no less unreasonable than Wife's. Husband cannot now benefit from sitting on his own rights. *See Downey v. Downey*, 582 A.2d 674, 680 (Pa. Super. 1990) (holding, with respect to the application of laches, that appellee-wife's conduct cannot be deemed prejudicial to appellant-husband, since both parties could have moved the litigation forward in order to secure a division

of the property and protect his or her interests.)  Because Husband was equally able to assert his rights in the years between the divorce and trial, the trial court's decision resulted in an inexplicable windfall to Husband and served to punish Wife for conduct that was equally attributable to Husband.

With respect to Wife's substantive claims, the court erred in finding laches when setting the valuation date as the date of the divorce.  The court based its decision, in large part, on the increased value to the property generated by improvements made by Husband and Tamara while they were living on the property.  Yet the trial court ignored the fact that they were living there rent-free.  As this Court has held, "a later valuation date will ordinarily be most equitable in order to prevent a distribution based on stale financial data." *Zeigler v. Zeigler,* 530 A.2d 445, 447 (Pa. Super. 1987) (citation omitted). Here, valuation at the date of distribution would have allowed Wife to receive credit for fair rental on the property, while Husband could be credited with the value of the improvements. Valuation at the date of divorce serves to pay Wife today in 1995 dollars. Had Wife received her share in 1995, she would have had the use of these funds, with attendant interest, for some 20 years.  Either the property should be valued at

distribution, or if at divorce, Wife should get interest.  Under the trial court's analysis, approved by the Majority, Wife is deprived of her fair share.[1]

The same analysis shows that the trial court erred when it applied the principles of laches in awarding Husband APL credit. Had Husband moved to terminate APL, undoubtedly equitable distribution would have proceeded. Although Wife did not receive her equitable distribution until now, in lieu of it she was receiving APL.  The trial court and the majority hold she is entitled to neither.

Further, I disagree with the trial court's decision with respect to the oil and gas rights.  Again, laches is inapplicable, and Wife, as an owner of the property, is entitled to a share of any profits realized from drilling on the property. The trial court erroneously placed the burden on Wife to assert oil and gas lease rights that she already held.  Additionally, I disagree with the court's decision to grant Wife only a one-third share in the oil and gas profits, and to terminate her interest upon transfer of the property via an arm's length sale. There is no indication where "one-third" comes from, but it would appear to result from the fact that there are three parties in the case. As stated previously, Tamara's interests in the land, if any, do not have an effect on the distribution of property between the former spouses. Accordingly, Wife is entitled to half of the mineral rights when and if the

---

[1] I agree with the Majority with respect to the issues surrounding valuation of the farm equipment and join that portion of the Memorandum.

property is sold. Moreover, because the sale price will presumably reflect the mineral rights, Wife should be entitled to distribution of those profits. Wife is correct that the "award" as it stands is merely illusory and should be vacated.